UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
UNIVERSAL JUSTICE BEY,

                        Plaintiff,                  23-CV-3490 (LTS)

        -against-                                   BAR ORDER UNDER
                                                    28 U.S.C. § 1651
STATE OF NEW YORK, ET AL.,

                        Defendants.
```

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, proceeding *pro se* and *in forma pauperis* ("IFP"), filed this action seeking to remove a state court criminal matter. By order dated July 5, 2023, the Court (1) remanded the case to the Mount Vernon City Court; (2) noted that Plaintiff had, on three prior occasions, improperly removed a state criminal action to this court,[1] and been warned that further duplicative or meritless litigation would result in an order directing Plaintiff to show cause why a filing injunction should not be imposed, *see Bey v. Yonkers City Court*, ECF 1:18-CV-10265, 5; and (3) directed Plaintiff to show cause by declaration, within 30 days, why a limited filing injunction should not be imposed, *see Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."). (ECF 6.)

---

[1] *See Bey v. Yonkers City Court*, ECF 1:18-CV-10265, 5 (LLS) (S.D.N.Y. Nov. 14, 2018) (remanding action to Yonkers City Court); *Bey v. City Court of Mount Vernon*, ECF 1:18-CV-8525, 4 (LLS) (S.D.N.Y. Sept. 24, 2018) (remanding action to Mount Vernon City Court); *City Court of Mount Vernon v. Bey*, ECF 1:16-CV-2519, 5 (LAP) (S.D.N.Y. May 6, 2016) (remanding action to Mount Vernon City Court).

Plaintiff has not submitted a declaration, or otherwise communicated with the Court. Accordingly, the bar order will issue. Plaintiff is barred, under 28 U.S.C. § 1651, from filing IFP in this court any new removal actions without first obtaining permission from the court to file.

## CONCLUSION

The Court bars Plaintiff from filing IFP future removal actions without first obtaining permission from the court to file the action. *See* 28 U.S.C. § 1651. Plaintiff must attach a copy of any proposed removal action and a copy of this order to any motion seeking leave to file. The motion must be filed with the Pro Se Intake Unit of this court. If Plaintiff violates this order and files an action without filing a motion for leave to file, the action will be remanded for failure to comply with this order. Plaintiff is further warned that the continued submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   September 27, 2023
         New York, New York

                        /s/ Laura Taylor Swain
                        LAURA TAYLOR SWAIN
                        Chief United States District Judge